# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LIANG,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAL-BAY INTERNATIONAL, INC., and ROGER E. PAWSON, individually and as President of Cal-Bay International, Inc.,<br><br>                    Defendants. | CASE NO. 06cv1082-LAB (WMC)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT;**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; and**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER**<br><br>[Dkt Nos. 13, 16, 23] |

This diversity action alleging damages arising from the parties' course of conduct surrounding a purported joint-venture regarding a hospital located in Canada is before the court on plaintiff Matthew Liang's ("Liang") Motion For Default Judgment, Liang's Motion To Strike Defendants' Answer, and Defendants' Motion To Set Aside Entry Of Default. Each party has filed responsive briefing to the motion(s) of the other. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues appropriate for decision on the papers and without oral argument. For the reasons discussed below, Liang's Motions are **DENIED** and Defendants' Motion is **GRANTED**.

The Complaint alleges defendants Cal-Bay International, Inc. and its president Roger E. Pawson (collectively "Cal-Bay") entered a binding letter of intent with Liang in May 2005 to purchase

a hospital from him for $600,000.00 on specified terms, including Liang's future participation on the Board of Directors of Cal-Bay and an employment contract, among other things. The parties allegedly extended the 45-day period within which to close that deal, to July 30, 2005, and entered a second letter of intent modifying just that term. The entire venture ultimately fell through, and Liang filed this suit for breach of contract on May 17, 2006. Summons issued July 20, 2006.

Liang filed two Requests For Entry Of Default "against Defendants Cal-Bay International, Incorporated for failure to plead or otherwise defend" within 20 days of service of process, one on September 15, 2006 and one on September 18, 2006, each with an attached proof of service listing the entity defendant and the individual defendant as having been served by mail at the address: 2111 Palomar Airport Road, **Suite 100**, Carlsbad, California 92009. Dkt Nos. 5, 6. The docket includes the notation as to each: "Default not entered as proof of service not on file." On September 20, 2006, Liang filed an executed Summons reflecting service of the Complaint on August 21, 2006 by leaving copies at the Palomar Airport Road street address directed to "Cal-Bay International, Inc. c/o Roger Pawson," but identifying service as having occurred at "**Suite 310**."[1] Dkt No. 7. Also on September 20, 2006, Liang filed another Request For Clerk's Entry of Default as to Cal-Bay (only), and the Clerk entered that default using the "**Suite 100**" address recited in the Requests. Dkt Nos. 8, 9.

Liang filed a defective Motion For Default Judgment on October 3, 2006, which the court rejected, and another Motion For Default Judgment on October 17, 2006, which the court accepted. Defense counsel filed an Answer to the Complaint on October 30, 2006, on behalf of both the entity and the individual defendants. Dkt No. 14. On November 17, 2006, Liang filed a Motion To Strike Answer. Dkt No. 16. Cal-Bay moved to Set Aside Default on November 28, 2006. Dkt No. 23.

Addressing first Cal-Bay's Motion To Set Aside Default, defendants argue Cal-Bay was never properly served.[2] Cal-Bay represents its office has never been located in "**Suite 310**," where the returned Summons indicates service was made. Rather, at the time of that service, Cal-Bay represents Suite 310 was unoccupied, and "the Building Manager discovered the Summons and Complaint inside the door of Suite 310, two floors above CAL-BAY's offices" in **Suite 100** and brought them

---

[1] The Complaint recites Cal-Bay's Palomar Airport Road address as being "**Suite 320**." Compl. ¶2

[2] Liang has taken no default against defendant Pawson.

1  downstairs to Cal-Bay. Mot. pp. 2-3; Sickert Decl. ¶ 2, Exh. 4. Cal-Bay also recites its course of
2  conduct thereafter as manifesting to plaintiff its intent to accept proper service and to defend this
3  action. Cal-Bay's Vice President, William Sickert, declares he contacted Liang's lawyer in Indiana by
4  phone on August 22, 2006 to indicate how Cal-Bay learned of the Summons and Complaint, gave the
5  lawyer Cal-Bay's correct address for service purposes, and sent a letter to that effect. Mot. p. 3; Sickert
6  Decl. ¶¶ 4, 5. Cal-Bay was not re-served.

7  Mr. Sickert declares he called Liang's lawyer again on September 12, 2006, having not heard
8  anything further, and was told an Answer was due the next day. Sickert Decl. ¶¶ 6, 7. He declares he
9  told the lawyer Cal-Bay did not have an attorney, but would immediately seek one to appear for Cal-
10 Bay in this case. Id. Liang filed his first Request For Entry Of Default three days later, on
11 September 15, 2006, five days after the deadline for a responsive pleading, calculated from the date
12 his ultimate production of a proof of service of summons indicates the Summons and Complaint were
13 "delivered" (August 21, 2006). *See* Dkt Nos. 5, 7. Cal-Bay characterizes plaintiff's conduct as having
14 secretly run to Court with a request for entry of default after allowing Cal-Bay to believe he would re-
15 serve the papers to cure the service defects, without informing the court or Clerk of those known
16 defects or of Defendants' expressed intent to Answer.

17 On the issue of defective service as a ground for relief from default, Cal-Bay represents:

18 "Service of process" consisted of "sliding a summons and complaint under the door" of a <u>vacant</u> office suite on a <u>different</u> floor
19 of the large building which houses the Defendant's office. CAL-BAY, courteously and professionally, notified Plaintiff's lawyer of the defects
20 in service and indicated that when both Defendants were properly served, they would both address the claims.
21

22 Def.'s Mot. P&A 1:7-12.

23 Service of a Summons and Complaint on a corporation must be accomplished "by delivering
24 a copy of the summons and complaint to an officer; a managing general agent; or any other agent
25 authorized by appointment or by law to receive service of process." FED. R.CIV. P. 4(e)(2), (h)(1).
26 There is some dispute over the correct suite number for Cal-Bay's offices and whether service was
27 effectuated there, as well as over whether defendants' accepted the service that was made (*see* Pl.
28 Lodged Exhs. A, B, and C) or merely indicated a willingness to accept future, proper service. Plaintiff

produces Exhibits suggesting service on Cal-Bay by certified mail was attempted at **"Suite 100"** on August 4, 2006 and on Roger Pawson on October 10, 2006, both returned to sender. No other attempt to serve Mr. Pawson personally is documented. These circumstances raise sufficient doubt as to the effectiveness of service to excuse the default on the ground of insufficient service. The proof of service does not substantiate the Summons and Complaint were actually served according to codified formalities at any address associated with the party to be served. Although Liang produces no proof defendant Roger Pawson has ever been served with the Summons and Complaint, the October 30, 2006 Answer was filed on behalf of both named defendants. The court will construe both defendants as having now appeared in the action, even though the Answer purporting to be a responsive pleading from Cal-Bay should have been rejected because technically, that entity had already been defaulted by the Clerk's Office.

In addition to the allegedly defective service, Cal-Bay argues entry of a default judgment in these circumstances is not only unwarranted, but also would run counter to the policy favoring deciding cases on the merits. *See* TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (doubts as to the propriety of a default are to be resolved against the party seeking default); *see also* Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985) (any doubt as to the propriety of defaulting a party are generally resolved against the party seeking a default judgment). Courts may set aside defaults "[f]or good cause shown." FED.R.CIV.P. ("Rule") 55(c). The "good cause" standard governing the lifting of entries of default include whether defendant's culpable conduct led to the default, whether defendant has a meritorious defense, and whether plaintiff would suffer prejudice were the default lifted. TCI Group Life Ins., 244 F.3d at 696. The court finds the criteria supporting a default set-aside are met independently of the service issues ground to set it aside.

A defendant's default does not automatically entitle the plaintiff to a judgment. The court must exercises its discretion whether or not to enter a default judgment, and may refuse to do so where it determines default judgment would be inappropriate. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). The court construes Cal-Bay's filing of a late Answer, its Motion To Set Aside Default, and the parties' prior course of conduct as substantiated in their exhibits associated with these motions as appearances in this action. *See also* Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir.

\\

1977) ("informal contacts between the parties have sufficed [for an appearance] when the party in default has thereby demonstrated a clear purpose to defend the suit").

The court finds Cal-Bay satisfies the "good cause" showing to set aside the entry of default under Rule 55(c) ("For good cause shown the court may set aside an entry of default . . . ."). Cal-Bay communicated its intention to Liang's counsel that it would defend this action. Liang has not substantiated any "culpable conduct" suggesting defendants have attempted to thwart service or the progress of the litigation warranting entry of a default judgment. The court deems the factors informing the decision whether to set aside a default judgment as equally informative of the decision whether to set aside default and for the dual purpose of considering plaintiff's Motion For Entry of Default Judgment and for defendant's Motion to Set Aside Default. The court has considered multiple factors the Ninth Circuit has identified as material to decision . Those include: the substantive merits of plaintiff's claim; the sufficiency of the complaint; the amount of money at stake; the possibility of prejudice to plaintiff if relief is denied; the possibility of dispute as to any material facts in the case; whether default resulted from excusable neglect; and "the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Without deciding the technical sufficiency of the pleading, and making no finding with respect to the substantive merits of Liang's claim, upon cursory review of the Complaint, the court detects no obvious fatal defective, and therefore the first two factors weigh in plaintiff's favor. The amount of money alleged to be at stake is significant, weighing against default judgment where Cal-Bay insists it has meritorious defenses advanced in the Answer. Liang does not provide any compelling reason to decide this case on the technicality of a late responsive pleading, nor any particular prejudice should the issues be decided in the normal course through trial on the merits, and the court perceives no unfairness to Liang from reopening his case. The "possibility of dispute as to any material fact in the case" weighs heavily in favor of excusing the default here and allowing the case to proceed, since the parties have identified actual material disputes of both a factual and legal nature, judging from the Answer and the papers submitted in connection with these motions. One such issues is the parties' disparate characterization of the negotiations and letters of intent as adequate to constitute an

1  enforceable joint venture agreement.  In summary, the disputes over the service issues and the strong
2  policy favoring decisions on the merits warrant a set-aside of the default in this case and a conclusion
3  the case should go forward on the merits.  In consideration of those determinations, **IT IS HEREBY**
4  **ORDERED:**
5      1.    Cal-Bay's Motion To Set Aside Entry Of Default is **GRANTED**.
6      2.    Plaintiff's Motion For Default Judgment is **DENIED** as moot.
7      3.    Plaintiff's Motion To Strike Cal-Bay's Answer is **DENIED**, and the October 30, 2006
8  Answer shall be construed as the defendants' responsive pleading in this case on behalf of both Cal-
9  Bay the entity and Roger E. Pawson individually.
10  **IT IS SO ORDERED**.
11  DATED:  March 5, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge