# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MATTHEW LIANG, | CASE NO. 06cv1082-WMc |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL AND NOTIFYING DEFENDANT TO NEED TO OBTAIN NEW COUNSEL |
| vs. | |
| CAL-BAY INTERNATIONAL, INC., et al., | |
| Defendant. | |

On September 12, 2007, Robert Scott Dreher, Esq. of the Dreher Law Firm filed a motion to withdraw as counsel of record for Defendants Cal-Bay International, Inc. and Roger E. Pawson. (Doc. No. 47). According to the declaration of Robert Scott Dreher, the Dreher Law Firm moved to withdraw because he has been unable to reach his clients and despite repeated attempts, has been unable to obtain his clients' cooperation in settling or otherwise moving forward with the case. (Dreher Decl. at 2-3). Specifically Attorney Dreher states "I cannot properly or adequately defend or settle this case, or represent my clients' interests in it, without their cooperation and, indeed, their lack of cooperation is probably more harmful to their defense than if they had no lawyer at all." (Dreher Decl. at 3).

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. *LeGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).

Some factors that court consider when ruling upon motions to withdraw as counsel are:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 at 4 (N.D. Cal. December 1, 2004).

After reviewing the record and the reasons for withdrawal noted by Attorney Robert Scott Dreher, the Court concludes that there is good cause to grant The Dreher Law Firm's motion to withdraw as counsel. The Court further concludes that the withdrawal will not prejudice justice or delay resolution of the case. The Dreher Law Firm's motion to withdraw as counsel is **GRANTED**.

Pursuant to Local Civil Rule 83.3(k) and federal common law, a Corporation can only appear and litigate in federal court through licensed counsel. *United States v. High Country Broadcasting, Co.*, 3 F3d 1244, 1245 (9th Cir. 1993). Accordingly, Defendant Cal-Bay International, Inc. is **HEREBY NOTIFIED** that it has 30 days from the date this order is filed to obtain new counsel and have counsel file a notice of appearance. Defendant Cal-Bay International, Inc. is also notified that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings. *High Country Broadcasting*, 3 F.3d at 1245. Defendant Roger E. Pawson, must notify the court of his current mailing address within 30 days from the date of this order.

IT IS SO ORDERED.

DATED: October 19, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

cc: All Counsel and Parties of Record