# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LIANG,<br><br>                                       Plaintiff,<br>  vs.<br><br>CAL-BAY INTERNATIONAL, INC., and ROGER E. PAWSON, individually and as President of Cal-Bay International, Inc.,<br><br>                                       Defendant. | CASE NO. 06cv1082-WMc<br><br>ORDER FOR A MORE DETAILED SHOWING OF PLAINTIFF'S DAMAGE CALCULATION |

## I. FACTS

Plaintiff Matthew Liang ("Plaintiff") owned a piece of real property in Canada with an attached hospital (hereinafter "the Property"). Defendant CAL-BAY International, Inc. ("CAL-BAY") agreed to purchase the Property. The agreed upon purchase price was $600,000 Canadian. The payment was to be comprised of (1) $400,000 Canadian, (2) $185,000 Canadian of CAL-BAY Class B Preferred Stock (at $.03 US per share), and (3) $15,000 Canadian of CAL-BAY Class A Preferred Stock (at $.03 US per share).

In addition to the real estate transaction, at the time of closing, Plaintiff was to be appointed to CAL-BAY's Board of Directors and was scheduled to begin a two-year term of employment with CAL-BAY, serving as property manager for the hospital located on the Property. To compensate Plaintiff for his services as property manager, CAL-BAY agreed to pay Plaintiff $4,500 US per month for the first year and $5,000 US per month for the second year.

1  When CAL-BAY allegedly breached the agreement by failing to purchase the Property,
2  Plaintiff sold the Property to a third party at a price of $430,0000 Canadian.  This sale was
3  completed less than six (6) months after the original agreed upon date of sale.

## II.  PROCEDURAL HISTORY

5  Both parties consented to magistrate jurisdiction in June 2007.  (Doc. No. 42).  Thereafter,
6  on December 23, 2008, Plaintiff moved for summary judgment, which the Court granted in part
7  and denied in part: granting his breach of contract claim, but denying his calculation of damages.
8  (Doc. No. 55).  As per Magistrate Judge McCurine's order on April 16, 2010, Plaintiff was
9  ordered to submit to the Court a detailed calculation of his damages.  (Doc. No. 59).  In response
10 to the order, on August 17, 2010, Plaintiff submitted an itemized list of his damages.  (Doc. No.
11 62).

## III.  DISCUSSION

13 As reflected in his itemized list of damages, the most sizeable portion of Plaintiff's
14 damages stems from the loss of the agreed upon purchase price of $600,000 Canadian (made up of
15 $400,000 Canadian and $200,000 of CAL-BAY preferred stock).  Plaintiff alleges at the time of
16 the sale the aforementioned cash and stock was worth **$1,112,500.00 US**.  (Doc. No. 62).  Plaintiff
17 purports to arrive at this number by utilizing common stock prices at the time of the purchase as
18 well as the average rate of exchange (from Canadian to US Dollars) for the year in question
19 (2005).

20 In breach of contract actions, the burden of proof is on the party claiming damages not only
21 to prove he or she has suffered damages but also to prove the extent of those damages with
22 <u>reasonable certainty</u>.  *See generally Hahn v. Wilde*, 211 Cal. 52 (1930); *Gray v. Craig*, 127 Cal. App.
23 374 (1932); *Chaparkas v. Webb*, 178 Cal. App. 2d 257 (1960); *Mendoyoma, Inc. v. County of*
24 *Mendocino*, 8 Cal. App. 3d 873 (1970); *Carpenter Foundation v. Oakes*, 26 Cal. App. 3d 784 (1972).
25 In his itemization of damages, Plaintiff lists the total value of <u>preferred stock</u> included in the
26 purchase price, provides historic <u>common stock</u> values, and provides the average rate of currency
27 exchange at the time of sale.  However, he fails to demonstrate precisely how he utilizes these
28 historic stock quotes and the average exchange rate in arriving at his total sales price estimate.

Before the Court will be able to fully analyze the reasonableness of Plaintiff's total calculation of damages, the Court requires additional information with respect to Plaintiff's calculations. More specifically, the Court seeks a step-by-step breakdown of how (1) Plaintiff arrived at the value of his preferred stock, and (2) Plaintiff converted the $200,000 Canadian of CAL-BAY preferred stock into US Dollars.

Conceptually, the Court agrees that using historic stock prices and recorded rates of exchange are reasonable and reliable methods for generating a sound estimate of the total value of the original purchase price. Therefore, at least in theory, Plaintiff's request that the Court take judicial notice of these figures is reasonable. Despite Plaintiff's claim to have utilized these otherwise reasonable rates in his conversion, Plaintiff fails to connect the dots by showing his actual calculations - he does not show his math. Since the calculations are not obvious and apparent based on the information Plaintiff provides, an actual breakdown of how he converted the $185,000 Canadian of Class B preferred stock and the $15,000 Canadian of Class A preferred stock into US Dollars is necessary for the Court to conduct a full analysis of his calculations. Until then, the Court is unable to ascertain how appropriate and accurate his estimated measure of damages actually is.

## IV.  CONCLUSION

Therefore, until Plaintiff demonstrates with sufficient particularity how he actually uses these otherwise reliable figures in calculating his damages, it is difficult to measure the reasonableness of his total estimate. Accordingly, Plaintiff must provide the Court with a step-by-step breakdown of how he converted the $185,000 of Class B preferred stock and $15,000 of Class A preferred stock into a value of US Dollars.

**IT IS SO ORDERED.**

DATED: February 22, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court